UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RICHARD MILLS,

        Plaintiff,

  -vs-

NEW YORK STATE, BRIAN FISCHER,
ANTHONY ANNUCCI, RICHARD DESIMONE,
SUPERINTENDENT SHEEHAN, NICOLE
CRANE, OFFICE OF COUNSEL JOHN/JANE
DOE #1, JOHN/JANE DOE #2, DEPUTY
COMMISSIONER JOHN/JANE DOE #3,
ANDREW CUOMO, ERIC SCHNEIDERMAN,

        Defendants.

**DECISION AND ORDER**
**No. 1:15-cv-00280(MAT)**

---

**BACKGROUND**

Proceeding <u>pro se</u>, Richard Mills ("Plaintiff"), an inmate at Five Points Correctional Facility,[1] filed this action against Defendants, challenging the legality of the sentences imposed following his December 16, 2004 convictions in Genesee County Court of the State of New York. Plaintiff specifically attacked the 10-year determinate sentence that was re-imposed on January 31, 2011, pursuant to New York Correction Law § 601-d, which required the re-imposition of the determinate sentence by the County Court because the New York Department of Corrections and Community Supervision ("DOCCS") had unlawfully imposed a period of

---

[1] Plaintiff was required to pay the filing fee because he had accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g).

-1-

post-release supervision upon the original imposition of a determinate sentence. According to Plaintiff, there was no new "recommit[ment]" order or warrant of commitment issued committing him anew to DOCCS' custody, which meant there was no "judicial sentence," and Defendants were holding him unlawfully. Plaintiff also contended that New York Criminal Procedure Law § 470.15(1), which prescribes what the Appellate Division of New York State Supreme Court may review upon a direct appeal from a conviction, is unconstitutional was applied to him in an unconstitutional manner. Plaintiff further asserted that Genesee County's assigned counsel program is based upon nepotism and unconstitutional.

On February 2, 2016 (Dkt #5), the Court (Arcara, D.J.) dismissed the Complaint with prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). Judge Arcara also dismissed Plaintiff's motion for an order directing service by the United States Marshals Service as moot, and denied leave to appeal to the Second Circuit as a poor person.

In pro se papers dated July 20, 2016 (Dkt #8), Plaintiff moved to vacate the February 16, 2016, Decision and Order dismissing his Complaint pursuant to Federal Rule of Civil Procedure 60(b)(1)-(6). Plaintiff also has moved for sanctions (Dkt #10) under Federal Rule of Civil Procedure 11. For the reasons discussed below, both motions are denied.

**MOTION TO VACATE**

**I.   Legal Principles**

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the reasons set forth in subsections (1) through (6). The moving party bears the burden of proof and must convince the reviewing court that "exceptional circumstances" exist for vacating the judgment. United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). Petitioner states that all six subsections of Rule 60(b) justify granting relief on his motion.

**II. Analysis**

The gravamen of Plaintiff's Motion to Vacate is that Genesee County Court Judge Robert Noonan, who presided over his criminal trial in 2004, committed fraud when he allegedly lied in a Decision and Order dated June 2, 2005, in connection with Plaintiff's criminal proceeding. According to Plaintiff, the lie concerned the degree of kinship between Judge Noonan and Assistant District Attorneys Robert and William Zickl ("the Zickl Brothers"), neither of whom was responsible for prosecuting Plaintiff's criminal case. In the Decision and Order at issue, Judge Noonan stated that the Zickl Brothers were his first cousins, once removed. As proof of Judge Noonan's alleged lie, Plaintiff has submitted a newspaper article June 28, 2016, stating that Judge Noonan's father was the father-in-law of the Zickl Brothers' father. Thus, based on the

article, Plaintiff asserts, the Zickl Brothers are actually Judge Noonan's nephews, and not his first cousins, once removed. According to Plaintiff, this establishes an ethical violation by Judge Noonan, whom he claims should have recused himself based on his familial relationship with the Zickl Brothers.

Rule 60(b)(1) allows for vacatur upon a showing of mistake, inadvertence, surprise, or excusable neglect. Rule 60(b)(1) is "available for a district court to correct legal errors by the court." United Airlines, Inc. v. Brien, 588 F.3d 158, 175 (2d Cir. 2009) (quotation and citation omitted). "Rule 60(b)(1) affords a party relief from a material mistake that changed the outcome of the court's judgment." Matura v. United States, 189 F.R.D. 86, 90 (S.D.N.Y. 1999)) (finding that the petitioner's delayed challenge was an improper attempt to use Rule 60(b)(1) to convince the court to reconsider the judgment)). Indeed, the degree of kinship between Judge Noonan and the Zickl Brothers has no bearing whatsoever on the judgment dismissing the Complaint in this action. As noted above, Judge Arcara did not reach the merits of Plaintiff's claims concerning his re-sentencing proceeding or Genesee County's assigned counsel program. Rather, Judge Arcara relied on the doctrine announced in Heck v. Humphrey, supra, to find that Plaintiff's claims, although phrased in terms of civil rights violations under 42 U.S.C. § 1983, were actually challenges to his current detention and imprisonment based upon his 2004 convictions

and sentences, including the resentence of the 2011 attempted first-degree assault conviction. Because success on his claims in this action would imply the invalidity of the sentence and imprisonment, Judge Arcara found, Plaintiff's claims were barred by Heck, 512 U.S. at 584. None of the information Plaintiff has submitted in support of his Motion to Vacate regarding the alleged degree of kinship between Judge Noonan and the Zickl Brothers is relevant to, or in any way affects, Judge Arcara's reasoning in the Decision and Order dismissing the Complaint in this action. Therefore, Rule 60(b)(1) cannot provide a basis for relief.

Plaintiff contends that the newspaper article constitutes "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" for purposes of Rule 60(b)(2). Since there was no trial in this proceeding, subsection (2) of Rule is inapplicable.

Rule 60(b)(3) allows for vacatur where there has been "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Although Plaintiff strenuously insists that Judge Noonan has committed fraud, Judge Noonan has never been an "opposing party" in this action. Furthermore, none of the named defendants, nor any attorney on their behalf, ever appeared in this action, and therefore could not have committed fraud or misconduct or made any misrepresentations in this action. Rule 60(b)(3) cannot provide a

basis for relief.

Rule 60(b)(4), which applies when the judgment is void, cannot be invoked here. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 194 (2d Cir. 2006). The newspaper article discussing the familial relationship between Judge Noonan and the Zickl Brothers cannot and does not void this Court's judgment.

Plaintiff likewise cannot rely on Rule 60(b)(5), which allows vacatur if the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or its prospective application is no longer equitable. The Court's Judgment dismissing the Complaint is not subject to being satisfied, released or discharged. Likewise, it was not based on an earlier judgment that has been reversed or vacated. Finally, it did not leave open future adjudication of any issues regarding the rights of the parties. See Tapper v. Hearn, No. 15-2249-CV, ___ F.3d ___, 2016 WL 4204794, at *4 (2d Cir. Aug. 10, 2016) ("The fact that the district court's prior dismissal was not executory and did not leave open future adjudication of any issues regarding the rights of the parties now at issue here and before the district court is fatal to plaintiffs' claim under [Rule 60(b)(5)].").

Lastly, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Significantly, "Rule 60(b)(6) applies only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule' and 'there are *extraordinary circumstances* justifying relief.'" Tapper, 2016 WL 4204794, at *4 (quoting Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); emphasis supplied). Even assuming that Plaintiff is correct about the actual relationship between Judge Noonan and the Zickl Brothers, and assuming further that their relationship was relevant to the Judgment in this action, any resulting conflict of interest falls far short of the "extraordinary circumstances" necessary to invoke Rule 60(b)(6). See Moskowitz v. Coscette, 51 F. App'x 37 (2d Cir. 2002) (any tension that may have existed within attorney's dual representation of police chief and town in police officer's action alleging retaliation in violation of First Amendment did not rise to level of "extraordinary circumstance" warranting relief from final judgment in favor of officer, even if attorney failed to highlight evidence that police commission had instructed chief to build a case against officer, where attorney did not take position, advance argument, or adopt strategy that benefitted town at officer's expense).

In short, Plaintiff has not demonstrated that "extraordinary circumstances" exist so as to justify reopening the Judgment

dismissing Plaintiff's Complaint. Indeed, "extraordinary circumstances" are plainly absent in this case, where Plaintiff has been permitted to argue these meritless kinship claims repeatedly, in both State and Federal court.

## MOTION FOR SANCTIONS

### I. Legal Principles

Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented[.]" Fed. R. Civ. P. 11(a). By affixing his signature to a pleading, the pro se litigant or the attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the pleading

> (1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b); see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 542 (1991) ("The signature 'certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the

law and is satisfied that the document is well grounded in both, and is acting without any improper motive.'").

## II. Analysis

Plaintiff asserts entitlement to sanctions pursuant to Rule 11 on the basis that the defendants allegedly committed "fraud, perjury, and [made] misstatements meant to mislead" the Court. The allegedly untruthful statements by Judge Noonan about the degree of kinship between himself and the Zickl Brothers, discussed above, form the basis of Plaintiff's Rule 11 motion.

Rule 11 has no applicability to the instant proceeding. Judge Noonan obviously has not filed any pleadings in this Court. Furthermore, none of the named defendants, nor any attorney on their behalf, has submitted any pleadings in this Court. As noted above, Plaintiff's Complaint was dismissed upon initial screening and never served upon the defendants.

Plaintiff is cautioned that "the filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments) (quoted in Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003)). Plaintiff's present motions, which are also asserted verbatim in nine other cases he has filed in this Court, are precisely the type of "abusive litigation tactics," Gaines v. Gaston, No. 92 CIV. 0643(DNE), 1998 WL 574380, at *3 (S.D.N.Y. Sept. 8, 1998), that Rule 11 was intended to deter.

**CONCLUSION**

For the reasons discussed above, Plaintiff's Motion to Vacate the Judgment and Motion for Sanctions are **denied with prejudice.** The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                          **S/ Michael A. Telesca**

                                          HON. MICHAEL A. TELESCA
                                          United States District Judge

Dated:    October 11, 2016
             Rochester, New York.