```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

RICHARD MILLS,

           Plaintiff,

   -vs-

NEW YORK STATE, BRIAN FISCHER,
ANTHONY ANNUCCI, RICHARD DESIMONE,
SUPERINTENDENT SHEEHAN, NICOLE
CRANE, OFFICE OF COUNSEL JOHN/JANE
DOE #1, JOHN/JANE DOE #2, DEPUTY
COMMISSIONER JOHN/JANE DOE #3,
ANDREW CUOMO, ERIC SCHNEIDERMAN,

           Defendants.

**DECISION AND ORDER**
**No. 1:15-cv-00280(MAT)**
___

## I.  Background

Proceeding pro se, Richard Mills ("Plaintiff"), an inmate at Five Points Correctional Facility,[1] filed this action against Defendants, challenging the legality of the sentences imposed following his December 16, 2004 convictions in Genesee County Court of the State of New York. Plaintiff specifically attacked the 10-year determinate sentence that was re-imposed on January 31, 2011, pursuant to New York Correction Law § 601-d, which required the re-imposition of the determinate sentence by the County Court because the New York Department of Corrections and Community Supervision ("DOCCS") had unlawfully imposed a period of post-release supervision upon the original imposition of a determinate sentence. Plaintiff also asserted that New York

---
[1] Plaintiff was required to pay the filing fee because he had accumulated "three strikes" pursuant to 28 U.S.C. § 1915(g).

Criminal Procedure Law § 470.15(1), which prescribes what the Appellate Division of New York State Supreme Court may review upon a direct appeal from a conviction, is unconstitutional was applied to him in an unconstitutional manner. Plaintiff further alleged that Genesee County's assigned counsel program is unconstitutional.

The Court (Arcara, D.J.) dismissed the Complaint on February 2, 2016 (Dkt #5), on the basis that all of the claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff then filed a Motion to Vacate the Judgment (Dkt #8) and Motion for Sanctions (Dkt #10).

The matter was transferred to the undersigned on August 16, 2016 (Dkt #9). On October 11, 2016, the Court issued a Decision and Order (Dkt #13) denying Plaintiff's Motion to Vacate the Judgment and Motion for Sanctions with prejudice.

On December 13, 2016, Plaintiff sent a letter addressed to the undersigned and to Judge Arcara which he characterized as a letter motion under Rule 60 of the Federal Rules of Civil Procedure "to vacate the decision in 15-cv-280 within one year, and no attorney, defendant, [sic] or service took place." (Dkt #14). While Plaintiff appears to admit that the first and second causes of action in his Complaint were improvidently raised, he asserts that the third cause of action, challenging the constitutionality of Genesee County's assigned counsel program, "is viable." (Id.). However, Plaintiff states, the third cause of action "is covered in new

civil [action] 16-cv-984, properly plead [sic] with the news [sic] facts." (Id.). Plaintiff concludes,

> I guess what I would like to try to do is vacate the decision and order dated 2/2/2016 by Judge Arcara and then I will formally withdraw the action and hope the filing fee either be returned or moved to cover 16-cv-984.
>
> . . . .

(Id.).

For the reasons discussed below, the letter-motion seeking vacatur under Rule 60(b) ("the Second Motion to Vacate") is denied.

## II. Discussion

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the reasons set forth in subsections (1) through (6). The moving party bears the burden of proof and must convince the reviewing court that "exceptional circumstances" exist for vacating the judgment. United States v. International Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).

Plaintiff does not cite any particular subsection of Rule 60(b) in support of his letter-motion. Subsections (1) through (5) have no applicability here. The Court accordingly has considered the letter-motion as brought pursuant to Rule 60(b)(6), which provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). "Rule 60(b)(6) is properly invoked when there are extraordinary circumstances justifying relief, when the judgment

may work an extreme and undue hardship, and when the grounds for relief are not recognized in clauses (1)-(5) of the Rule." D'Angelo v. State Farm Fire & Cas. Co., 32 F. App'x 604, 605 (2d Cir. 2002) (citing Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986)).

Here, the Court can discern only two reasons for Plaintiff bringing this motion. The first is pecuniary; Plaintiff would like, if possible, to have his filing fee refunded to him so that it can be applied in his most recently filed civil case, in which he has filed a motion to proceed in forma pauperis.[2] The second reason appears to be a matter of litigation strategy. Although Plaintiff already has accrued more than the three strikes necessary for 28 U.S.C. § 1915(g), he apparently wishes to avoid another one.[3] However, neither of these reasons "justifies relief." FED. R. CIV. P. 60(b)(6).

Moreover, "extraordinary circumstances" are patently lacking. Plaintiff's assertion that this "really big mess" "is no fault of [his] nor the courts" is unconvincing in light of this Court's familiarity with Plaintiff's calculated litigation strategy of commencing lawsuit after lawsuit based on allegations he previously

---

[2] The Court observes that this suggestion strongly suggests that Plaintiff did not have a good faith basis for filing the in forma pauperis motion in his newest case.

[3] Given that Plaintiff's 2004 convictions have not been overturned or otherwise judicially invalidated, Judge Arcara's dismissal of the Complaint pursuant to Heck's favorable termination rule most likely counts as a strike for purposes of Section 1915(g). See, e.g., Mercer v. Lamb, No. 1:13-CV-1052, 2013 WL 5951542, at *2 (N.D.N.Y. Nov. 6, 2013); Walton v. Alston, No. 10 CIV. 6301 JSRJCF, 2011 WL 873245, at *2 (S.D.N.Y. Feb. 15, 2011), report and recommendation adopted, No. 10 CIV. 6301 JSR, 2011 WL 891205 (S.D.N.Y. Mar. 11, 2011), adhered to, No. 10 CIV. 6301 JSR, 2011 WL 1045933 (S.D.N.Y. Mar. 21, 2011).

has been informed are lacking an arguable basis in law or fact. Plaintiff here made a deliberate decision to institute this lawsuit and must live with the consequences of his decision.

In sum, there is no legal or equitable basis for granting Plaintiff's Second Motion to Vacate. The Court will not allow Plaintiff to "voluntarily" withdraw the Complaint in this action, and will not refund him the filing fee or apply it toward his newest case, 1:16-cv-00984.

**III. Conclusion**

For the reasons discussed above, Plaintiff's Second Motion to Vacate the Judgment is **denied with prejudice**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   December 21, 2016
         Rochester, New York.